EXHIBIT A

*0977923   Page: 2/18   Date: 9/23/2005 9:1   AM*

served 1/22/05   3.47 pm

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO)* :<br>ALAMEDA COUNTY MEDICAL CENTER,<br>CEDRICK FROWNER,<br>DOES 1 TO 50, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTA DEMANDANDO EL DEMANDANTE)* :<br>LISA JOHNSON,<br>by and through her Conservator, Sharon Toth | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>ALAMEDA COUNTY SUPERIOR COURT<br>1225 Fallon Street<br>Oakland, CA 94612 | **CASE NUMBER:**<br>*(Número del Caso):* RG05232745 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Charles Schwartz, Esq.             (510) 986-1300
2128 Broadway
Oakland, CA 94612

DATE: SEP 15 2005                Clerk, by _Alphonsina Oates_ , Deputy
*(Fecha)*                        *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :
3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

**SUMMONS**                 JOHNSON - CS-951

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Marin Dean's Essential Forms TM

# EXHIBIT A

1 | Charles Schwartz, (State Bar #49769)
CHARLES SCHWARTZ, P.C.
2 | 2128 Broadway
Oakland, CA 94612
3 | (510) 986-1300

ENDORSED
FILED
ALAMEDA COUNTY

SEP 15 2005

4 | Attorneys for Plaintiff

CLERK OF THE SUPERIOR COURT
By Alphonsine Oates, Deputy

5 | LISA JOHNSON

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10 | (NORTHERN DIVISION)

11 | (Unlimited Jurisdiction)

12 | LISA JOHNSON, by and through
her Conservator, Sharon Toth,

ACTION NO.: RG05232745

13 | Plaintiff,

COMPLAINT FOR DAMAGES

14 | v.

15 | ALAMEDA COUNTY MEDICAL
CENTER, CEDRICK FROWNER,
16 | DOES 1 to 50, inclusive,

17 | Defendants.

18

19 | Plaintiff LISA JOHNSON alleges as follows:

20 | **FACTS COMMON TO ALL CAUSES OF ACTION**

21 | 1. Defendant CEDRICK FROWNER is an individual, and at all times herein mentioned,

22 | is a resident of Alameda County, California.

23 | 2. Defendant ALAMEDA COUNTY MEDICAL CENTER is, and at all times herein

24 | mentioned, a public entity organized and existing under the laws of the State of California.

25 | 3. Defendants Doe 1 through Doe 50, inclusive, are sued herein under fictitious names.

26 | Their true names and capacities are unknown to the Plaintiff. When their true names and

27 | capacities are ascertained, Plaintiff will amend this complaint by inserting their true names

28 | and capacities of said defendants after they are ascertained. The plaintiff is informed and

COMPLAINT FOR DAMAGES

1  believes that each fictitiously named defendant is responsible for the matters herein alleged.

2  4.      The plaintiff is informed and believes and thereon alleges that at all times herein

3  mentioned, each defendant, including all defendants sued under fictitious names, was the

4  agent and employee of each of the remaining defendants, and in doing the things hereinafter

5  alleged, was acting within the course and scope of this agency or employment.

6  5.      The plaintiff is informed and believes that on or about June 17, 2005 defendant

7  CEDRICK FROWNER was housed at the John George Psychiatric Pavilion pursuant to an

8  emergency psychiatric evaluation under the custody and control of defendants ALAMEDA

9  COUNTY MEDICAL CENTER, and DOES 1 to 50.

10  6.      The plaintiff is informed and believes that defendant CEDRICK FROWNER had a

11  history of prior brutality and criminal convictions and was known to defendants ALAMEDA

12  COUNTY MEDICAL CENTER, and DOES 1 to 50 as an individual prone to violent and

13  assaultive behavior.

14  7.      On or about June 17, 2005, at approximately 5:00 a.m., the plaintiff was housed at the

15  John George Psychiatric Pavilion pursuant to an emergency psychiatric evaluation under the

16  custody and control of defendants ALAMEDA COUNTY MEDICAL CENTER, and DOES

17  1 to 50.

18  8.      At said time and place, the defendants, ALAMEDA COUNTY MEDICAL CENTER,

19  and DOES 1 to 50, and each of them, negligently and carelessly failed to secure the door to

20  the plaintiff's room and negligently and carelessly failed to monitor and secure the

21  whereabouts of defendant CEDRICK FROWNER so that defendant CEDRICK FROWNER

22  was allowed access into the plaintiff's room.

23  9.      Once inside the plaintiff's room defendant CEDRICK FROWNER sexually assaulted

24  the sleeping plaintiff by putting his erect penis into the plaintiff's mouth. Once the plaintiff

25  was awake, he attempted to engage in genital intercourse with her.

26  10.     As a result of the acts of defendant CEDRICK FROWNER and the negligence and

27  carelessness of the defendant ALAMEDA COUNTY MEDICAL CENTER, and DOES 1 to

28  50, as alleged, the plaintiff suffered personal injury and severe emotional distress.

COMPLAINT FOR DAMAGES             - 2 -

11. On July 21, 2005, the plaintiff submitted a claim of damages to defendant ALAMEDA COUNTY MEDICAL CENTER for the injuries alleged in this complaint. Defendant ALAMEDA COUNTY MEDICAL CENTER rejected the plaintiff's claim of damages by operation of law on September 5, 2005.

12. On September 2, 2005, Sharon Toth, a principal in IMT Associates, was appointed as Conservator of the plaintiff with the authority to bring this action in behalf of the plaintiff.

### FIRST CAUSE OF ACTION

### (Sexual Battery-Civil Code §1708.5)

13. The plaintiff refers to and incorporates herein by reference paragraphs 1 through 12, above.

14. The above conduct by defendant CEDRICK FROWNER is a violation of Civil Code §1708.5 in that CEDRICK FROWNER acted with the intent to cause a harmful or offensive contact by the use of his intimate part and a sexually offensive contact with the plaintiff directly occurred. Defendant CEDRICK FROWNER's conduct also caused the plaintiff to suffer imminent apprehension of such a contact occurring.

15. At no time did the plaintiff consent to any of the acts of defendant CEDRICK FROWNER alleged in paragraph 9, above.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION

### (Assault)

16. The plaintiff refers to and incorporates herein by reference paragraphs 1 through 15 above.

17. In doing the acts as alleged above, defendant CEDRICK FROWNER intended to cause or to place the plaintiff in apprehension of a harmful or offensive contact with her person.

18. As a result of defendant CEDRICK FROWNER's acts as alleged above, the plaintiff, in fact, was placed in great apprehension of a harmful or offensive contact with her person.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

/ / / /

COMPLAINT FOR DAMAGES            - 3 -

# THIRD CAUSE OF ACTION

## (Intentional Infliction of Emotional Distress)

19. The plaintiff refers to and incorporates herein by reference paragraphs 1 through 18 above.

20 Defendant CEDRICK FROWNER's conduct was intentional, outrageous, malicious and done with ill will and with the intent of causing the plaintiff to suffer humiliating mental anguish, and emotional and physical distress.

21. Defendant CEDRICK FROWNER's conduct was so severe and outrageous that as a proximate result Plaintiff suffered humiliation, mental anguish and emotional and physical distress.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

# FOURTH CAUSE OF ACTION

## (Negligence)

22. The plaintiff refers to and incorporates herein by reference paragraphs 1 through 21 above.

23. Defendants ALAMEDA COUNTY MEDICAL CENTER and DOES 1 to 50 owed a duty to the plaintiff to provide secure facilities so that the plaintiff would not be subject to harm from other patients. The defendants and each of them carelessly and negligently breached their duty to the plaintiff by allowing defendant CEDRICK FROWNER access to the plaintiff's room while she slept and by allowing defendant CEDRICK FROWNER to engage in the conduct alleged in paragraph 9, above.

24. As a result of the carelessness and negligence of the defendants ALAMEDA COUNTY MEDICAL CENTER and DOES 1 to 50 the plaintiff suffered injuries and damages as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

/ / / /

/ / / /

/ / / /

COMPLAINT FOR DAMAGES                    - 4 -

1
2

## FIFTH CAUSE OF ACTION

### (Respondeat Superior)

3    25.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 24
4    above.

5    26.    At all times herein mentioned, defendants DOES 1 to 50 were the agents and
6    employees of defendant ALAMEDA COUNTY MEDICAL CENTER. and, in doing the acts
7    herein described and referred to, were acting in the course and within the scope of their
8    authority as agents and employees, and in the transaction of the business of the ALAMEDA
9    COUNTY MEDICAL CENTER. Defendant ALAMEDA COUNTY MEDICAL CENTER
10   is therefore, liable to the plaintiff for the acts of defendants DOES 1 to 50 as heretofore
11   alleged.

12   WHEREFORE, Plaintiff requests relief as hereinafter provided.

13                          SIXTH CAUSE OF ACTION

14   (Employer's Negligent Hiring, Training, and/or Retention of Unfit Employee)

15   27.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 26,
16   above.

17   28.    The plaintiff is informed and believes, and based on that information and belief, alleges
18   that defendant ALAMEDA COUNTY MEDICAL CENTER. knew, or in the exercise of
19   reasonable care, should have known that DOES 1 to 50 were incompetent and unfit to perform
20   the job duties that they were hired to perform, and that the failure to perform these job duties
21   involved the risk of harm to others such as the plaintiff.

22   29.    Defendant ALAMEDA COUNTY MEDICAL CENTER knew or should have known
23   that defendant DOES 1 to 50 were unfit to supervise, protect and prevent harm and violence
24   to those persons similarly situated as the plaintiff.

25   30.    The negligence of the defendant's and each of them was the proximate cause of the
26   plaintiff's injuries.

27   WHEREFORE, Plaintiff requests relief as hereinafter provided.

28   / / / /

COMPLAINT FOR DAMAGES                    - 5 -

## PRAYER

WHEREFORE Plaintiff prays for judgment against defendants and each of them as follows:

1.    Medical, hospital and related health care bills, according to proof;

2.    Loss of earnings;

3.    General damages;

4.    For prejudgement and post judgment interest;

5.    Costs of suit herein incurred;

6.    For any other relief that is just and proper.

Dated: September 5, 2005

CHARLES SCHWARTZ, P.C.

By: _____
Charles Schwartz
Attorney for Plaintiff
LISA JOHNSON

**COMPLAINT FOR DAMAGES**  - 6 -

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 2005

CLERK OF THE SUPERIOR COURT
By _____DEBBIE SHEETS_____
                              Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

Conservatorship of the Person of

LISA JOHNSON

Conservatee.

No.     92-036235

ORDER APPOINTING
CONSERVATOR OF THE PERSON

(Welfare and Institutions Code
Sections 5350, et seq.)

The petition of LINDA L. KRETZ, Public Conservator, for appointment as conservator of the person

of the above-named conservatee came on regularly to be heard this day. On proof being made to the

satisfaction of the court, the court finds that notice of hearing has been given as required by law, that the

allegations of the petition are true, that the conservatee is incompetent to refuse or consent to treatment

which may be needed for remedying or preventing the recurrence of her being gravely disabled, that the

proposed conservatee is gravely disabled as a result of mental disorder, that the conservatee is a resident

of the County of Alameda, State of California, and that a conservator should be appointed of her person.

IT IS, THEREFORE, ORDERED, that:

1.     SHARON TOTH, IMT ASSOCIATES, is appointed conservator of the person of the above-

named conservatee and that Letters of Conservatorship issue to her forthwith.

2.     The conservator shall have all those powers granted to conservators of the person listed in

the Probate Code and the Welfare and Institutions Code.

3.     The conservatee's privilege of possessing a license to operate a motor vehicle is revoked

1

1   as is the conservatee's right to enter into contracts exceeding $58.00 in value. The conservatee may not

2   possess a firearm.

3        4.    The conservator have the right to choose appropriate living arrangements for his conservatee

4   and to place him/her in a state hospital or other appropriate facility or treatment program as set forth in

5   Welfare and Institutions Code section 5858, immediate placement being authorized at VILLA FAIRMONT.

6        5.    The conservatee is incapable of weighing the risks and the benefits of psychotropic

7   medications and is therefore incapable of giving informed consent. The conservator may require the

8   conservatee to receive treatment related specifically to remedying or preventing the recurrence of the

9   conservatee's grave disability, including giving consent to the use of psychotropic medications.

10       6.    The conservatee is incapable of weighing the risks and the benefits of routine medical

11   treatment and is therefore incapable of refusing or consenting to routine medical treatment. The

12   conservator may consent to the conservatees' receiving routine medical treatment.

13       7.    The conservator's appointment shall automatically terminate ~~August 1,~~ *February 25* 2006, unless sooner

14   terminated by law.

15       Dated: September 2, 2005

16

17                 ROBERT K. KURTZ

                    JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

28

2

ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKAGE
Effective April 15, 2005

## Instructions to Plaintiff / Cross-Complainant

In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the complaint, an Alternative Dispute Resolution (ADR) information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes . ...

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) Court may make package available on Web site . . .

(c) The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

Rev 4/05

## Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

## Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

*Rev 4/05*

# Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

## Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

## Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

Rev 4/05

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
222278 Redwood Road, Castro Valley, CA 94546
Phone: (510) 733-4940  fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teen Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
1968 San Pablo Avenue, Berkeley, CA 94702-1612
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
433 Jefferson Street, Oakland, CA 94607
Phone: (510) 768-3100  fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
1789 Barcelona Street, Livermore, CA 94550
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
1212 Broadway Street, Suite 837, Oakland, CA  94612
Phone: (510) 444-6351  fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution.  It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

Rev 4/05

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

**ADR Program Administrator**

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

**The Judicial Arbitration Process**

**Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).**
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per CRC 1605a)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

**Assignment of Case (CRC 1605a(4))**
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

**Hearings (CRC 1611)**
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

**Award of Arbitrator (CRC 1615b & c)**
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

**Return of Case to Court**
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

Rev 4/05

# EXHIBIT B

**SUM-100**

# FIRST AMENDED SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
ALAMEDA COUNTY MEDICAL CENTER, SCOTT ZELLER, M.D.,
KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N.,
MADELYNE MARKLE, R.N., CEDRICK FROWNER,
DOES 1 TO 50, inclusive,
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
LISA JOHNSON, by and through
her Conservator, Sharon Toth.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** *(Número del Caso):* RG05232747

ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles Schwartz, Esq.
2128 Broadway                              (510) 986-1300
Oakland, CA 94612

DATE: **NOV 0 1 2005**                    Clerk, by _____, Deputy
*(Fecha)*                                 *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms ™*

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

JOHNSON - CS-951

**EXHIBIT B**

1    Charles Schwartz, (State Bar #49769)
     CHARLES SCHWARTZ, P.C.
2    2128 Broadway
     Oakland, CA 94612
3    (510) 986-1300

4    Attorneys for Plaintiff
     LISA JOHNSON

5

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF ALAMEDA

10                       (NORTHERN DIVISION)

11                       (Unlimited Jurisdiction)

12    LISA JOHNSON, by and through     )    ACTION NO.: RG05232747
     her Conservator, Sharon Toth,          )
13                             )    **FIRST AMENDED**
            Plaintiff,            )    **COMPLAINT FOR DAMAGES**
14                             )
   v.                              )
15                             )
   ALAMEDA COUNTY MEDICAL       )
16    CENTER, SCOTT ZELLER, M.D.,     )
     KURT BIEHL, M.D., JEANETTE      )
17    COTANCHE, R.N., LEONI ALFONSO, R.N., )
     MADELYNE MARKLE, R.N.,CEDRICK    )
18    FROWNER,                       )
     DOES 1 to 50, inclusive,          )
19                             )
            Defendants.         )
20                             )

21       Plaintiff LISA JOHNSON alleges as follows:

22               **FACTS COMMON TO ALL CAUSES OF ACTION**

23    1.      Defendant CEDRICK FROWNER is an individual, and at all times herein mentioned,

24    is a resident of Alameda County, California.

25    2.      Defendant ALAMEDA COUNTY MEDICAL CENTER is, and at all times herein

26    mentioned, a public entity organized and existing under the laws of the State of California.

27    3.      At all times herein alleged, defendant SCOTT ZELLER, M.D. was the Chief of

28    Psychiatric Emergency Services, KURT BIEHL, M.D., was the Chair, Department of

**FIRST AMENDED COMPLAINT FOR DAMAGES**



ENDORSED
FILED
ALAMEDA COUNTY
2005 NOV -1 PM 4: 14
CLERK OF THE SUPERIOR COURT
BY _____
DEPUTY

1    Psychiatry and Chief, Inpatient Psychiatry, LEONI ALFONSO, R.N., was the Interim

2    Psychiatric Emergency Services Nurse Manager, JEANETTE COTANCHE, R.N was the

3    Chief Quality Officer, MADELYNE MARKLE, R.N. was staff nurse. Each of the above

4    named individual defendants were employees of defendant ALAMEDA COUNTY

5    MEDICAL CENTER, conducting their business at the John George Psychiatric Pavilion, a

6    facility owned and operated by defendant ALAMEDA COUNTY MEDICAL CENTER.

7    3.    Defendants Doe 1 through Doe 50, inclusive, are sued herein under fictitious names.

8    Their true names and capacities are unknown to the plaintiff. When their true names and

9    capacities are ascertained, plaintiff will amend this complaint by inserting their true names

10   and capacities. The plaintiff is informed and believes that each fictitiously named defendant

11   is responsible for the matters herein alleged.

12   4.    The plaintiff is informed and believes and thereon alleges that at all times herein

13   mentioned, each defendant, including all defendants sued under fictitious names, was the

14   agent and employee of each of the remaining defendants, and in doing the things hereinafter

15   alleged, was acting within the course and scope of this agency or employment.

16   5.    The plaintiff is informed and believes that on or about June 17, 2005 defendant

17   CEDRICK FROWNER was housed at the John George Psychiatric Pavilion pursuant to an

18   emergency psychiatric evaluation under the custody and control of defendants ALAMEDA

19   COUNTY MEDICAL CENTER, SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI

20   ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and

21   DOES 1 to 50.

22   6.    The plaintiff is informed and believes that defendant CEDRICK FROWNER had a

23   history of prior brutality and criminal convictions and was known to defendants ALAMEDA

24   COUNTY MEDICAL CENTER, SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI

25   ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and

26   DOES 1 to 50 as an individual prone to violent and assaultive behavior.

27   7.    On or about June 17, 2005, at approximately 5:00 a.m., the plaintiff was housed at the

28   John George Psychiatric Pavilion pursuant to an emergency psychiatric evaluation under the

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                     - 2 -

1    custody and control of defendants ALAMEDA COUNTY MEDICAL CENTER, SCOTT

2    ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE,

3    R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50.

4    8.    At said time and place, the defendants, ALAMEDA COUNTY MEDICAL CENTER,

5    SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE

6    COTANCHE, R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50, and each of them,

7    negligently and carelessly failed to secure the door to the plaintiff's room and negligently and

8    carelessly failed to monitor and secure the whereabouts of defendant CEDRICK FROWNER

9    so that defendant CEDRICK FROWNER was allowed access into the plaintiff's room.

10    9.    Once inside the plaintiff's room defendant CEDRICK FROWNER sexually assaulted

11    the sleeping plaintiff by putting his erect penis into the plaintiff's mouth. Once the plaintiff

12    was awake, he attempted to engage in genital intercourse with her.

13    10.    As a result of the acts of defendant CEDRICK FROWNER and the negligence and

14    carelessness of the defendant ALAMEDA COUNTY MEDICAL CENTER, and DOES 1 to

15    50, as alleged, the plaintiff suffered personal injury and severe emotional distress.

16    11.    On July 21, 2005, the plaintiff submitted a claim of damages to defendant ALAMEDA

17    COUNTY MEDICAL CENTER for the injuries alleged in this complaint. Defendant

18    ALAMEDA COUNTY MEDICAL CENTER rejected the plaintiff's claim of damages by

19    operation of law on September 5, 2005.

20    12.    On September 2, 2005, Sharon Toth, a principal in IMT Associates, was appointed as

21    Conservator of the plaintiff with the authority to bring this action in behalf of the plaintiff.

22                    **FIRST CAUSE OF ACTION**

23               **(Sexual Battery-Civil Code §1708.5)**

24    13.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 12,

25    above.

26    14.    The above conduct by defendant CEDRICK FROWNER is a violation of Civil Code

27    §1708.5 in that CEDRICK FROWNER acted with the intent to cause a harmful or offensive

28    contact by the use of his intimate part and a sexually offensive contact with the plaintiff

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    - 3 -

1  directly occurred.  Defendant CEDRICK FROWNER's conduct also caused the plaintiff to

2  suffer imminent apprehension of such a contact occurring.

3  15.    At no time did the plaintiff consent to any of the acts of defendant CEDRICK

4  FROWNER alleged in paragraph 9, above.

5  WHEREFORE, Plaintiff requests relief as hereinafter provided.

6                          **SECOND CAUSE OF ACTION**

7                                **(Assault)**

8  16.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 15

9  above.

10  17.    In doing the acts as alleged above, defendant CEDRICK FROWNER intended to cause

11  or to place the plaintiff in apprehension of a harmful or  offensive contact with her person.

12  18.    As a result of defendant CEDRICK FROWNER's acts as alleged above, the plaintiff,

13  in fact, was placed in great apprehension of a harmful or offensive contact with her person.

14  WHEREFORE, Plaintiff requests relief as hereinafter provided.

15                          **THIRD CAUSE OF ACTION**

16              **(Intentional Infliction of Emotional Distress)**

17  19.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 18

18  above.

19  20    Defendant CEDRICK FROWNER's conduct was intentional, outrageous, malicious

20  and done with ill will and with the intent of causing the plaintiff to suffer humiliating mental

21  anguish, and emotional and physical distress.

22  21.    Defendant CEDRICK FROWNER's conduct was so severe and outrageous that as a

23  proximate result Plaintiff suffered humiliation, mental anguish and emotional and physical

24  distress.

25  WHEREFORE, Plaintiff requests relief as hereinafter provided.

26  / / / /

27  / / / /

28  / / / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                      - 4 -

**FOURTH CAUSE OF ACTION**

**<u>(Negligence- Dangerous Condition of Property)</u>**

22.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 21 above.

23.    Defendants SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50 owed a duty to the plaintiff to provide secure facilities so that the plaintiff would not be subject to harm from other patients.  The defendants and each of them carelessly and negligently breached their duty to the plaintiff by negligently and carelessly failing to secure the door to the plaintiff's room, creating a dangerous condition of property and allowing defendant CEDRICK FROWNER access to the plaintiff's room while she slept and by allowing defendant CEDRICK FROWNER to engage in the conduct alleged in paragraph 9, above.

24.    As a result of the carelessness and negligence of the defendants SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50 the plaintiff suffered injuries and damages as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**

**<u>(Negligence per Se - Violation of Statutory Duty, Government Code §855)</u>**

25.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 24 above.

26.    On September 12, 2005, the Department of Health Services informed the plaintiff by letter that the Licensing & Certification Program had investigated the circumstances surrounding the incident alleged by the plaintiff herein and had concluded and reported the following violation:

California Code of Regulations

Title 22.       Social Security

Division 5.    Licensing and Certification of Health Facilities, Home Health Agencies,

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                    - 5 -

1              Clinics, and Referral Agencies

2      Chapter 1.    General Acute Care Hospitals Article

3      Article 8.    Physical Plant

4    **§§ 22:70837. General Safety and Maintenance..**

5      (a) The hospital shall be clean, sanitary and in good repair at all times.

6      Maintenance shall include provision and surveillance of services and

7      procedures for the safety and well-being of patients, personnel and visitors.

8    27.    The finding of a violation of such regulation, designed to protect that class of people

9    which included the plaintiff, is negligence per se and establishes ALAMEDA COUNTY

10    MEDICAL CENTER's liability pursuant to Government Code §855. (See Exhibit A, attached

11    hereto, September 12, 2005 letter and attached report, seven pages.)

12    WHEREFORE, Plaintiff requests relief as hereinafter provided.

13                    **SIXTH CAUSE OF ACTION**

14                    **(Respondeat Superior)**

15    28.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 27

16    above.

17    29.    At all times herein mentioned, defendants SCOTT ZELLER, M.D., KURT BIEHL,

18    M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE,

19    R.N. and DOES 1 to 50 were the agents and employees of defendant ALAMEDA COUNTY

20    MEDICAL CENTER and, in doing the acts herein described and referred to, were acting in

21    the course and within the scope of their authority as agents and employees, and in the

22    transaction of the business of the ALAMEDA COUNTY MEDICAL CENTER. Defendant

23    ALAMEDA COUNTY MEDICAL CENTER is therefore, liable to the plaintiff for the acts

24    of defendants SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N.,

25    JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and  DOES 1 to 50 as

26    heretofore alleged.

27    WHEREFORE, Plaintiff requests relief as hereinafter provided.

28    / / / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                    - 6 -

# SEVENTH CAUSE OF ACTION

## (Employer's Negligent Hiring, Training, and/or Retention of Unfit Employee)

30.    The plaintiff refers to and incorporates herein by reference paragraphs 1 through 29 above.

31.    The plaintiff is informed and believes, and based on that information and belief, alleges that defendant ALAMEDA COUNTY MEDICAL CENTER knew, or in the exercise of reasonable care, should have known that SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50 were incompetent and unfit to perform the job duties that they were hired to perform, and that the failure to perform these job duties involved the risk of harm to others such as the plaintiff.

32.    Defendant ALAMEDA COUNTY MEDICAL CENTER knew or should have known that defendant SCOTT ZELLER, M.D., KURT BIEHL, M.D., LEONI ALFONSO, R.N., JEANETTE COTANCHE, R.N., MADELYNE MARKLE, R.N. and DOES 1 to 50 were unfit to supervise, protect and prevent harm and violence to those persons similarly situated as the plaintiff.

33.    The negligence of the defendant's and each of them was the proximate cause of the plaintiff's injuries.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

**FIRST AMENDED COMPLAINT FOR DAMAGES**                                        - 7 -

1                                **PRAYER**

2          WHEREFORE Plaintiff prays for judgment against defendants and each of them as

3    follows:

4          1.    Medical, hospital and related health care bills, according to proof;

5          2.    Loss of earnings;

6          3.    General damages;

7          4.    For prejudgement and post judgment interest;

8          5.    Costs of suit herein incurred;

9          6.    For any other relief that is just and proper.

10   Dated: October 27, 2005

11                              CHARLES SCHWARTZ, P.C.

12

13                              By: _____

14                                  Charles Schwartz
                                    Attorney for Plaintiff
15                                  LISA JOHNSON

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**                              - 8 -

# EXHIBIT A

# Department of Health Services

**California Department of Health Services**

**SANDRA SHEWRY**
Director

**ARNOLD SCHWARZENEGGER**
Governor

September 12, 2005

Ms. Lisa Johnson
27615 Madrid Avenue
Hayward, CA 94544

Dear Ms. Johnson:

FACILITY: John George Pavilion/highland D/p Aph
COMPLAINT NUMBER: CA00052170
COMPLAINANT REFERENCE NUMBER, if applicable:

- The Licensing & Certification Program (L&C) within the California Department of Health Services has completed an investigation of your complaint concerning patient care and services at John George Pavilion/highland D/p Aph. L&C made an unannounced visit to the facility on June 20 and June 23, 2005 and investigated circumstances surrounding your complaint through direct observation, interviews, and/or review of documents. Through this process we have substantiated your complaint.

The basis for this finding is as follows:

L&C validated the complaint allegation during the onsite visit. Pursuant to our investigation, L&C sent the facility a statement of deficiencies, and the facility submitted an acceptable Plan of Correction to the Department (see enclosed form).

If L&C issued a statement of deficiencies form, the facility was required to submit a plan of correction that met federal and state requirements. The same federal form, known as an "CMS 2567," is used for both purposes. If L&C substantiated your complaint allegation, we have enclosed a copy of the final CMS 2567 for your review.

Current law authorizes L&C to make a **final** determination when investigating complaint allegations in psychiatric hospitals. Our final decision is based on onsite investigation

Licensing and Certification: Contra Costa District Office: Barbara Gagne, District Administrator
850 Marina Bay Parkway, Building P, 1st Floor, Richmond, CA 94804
Internet Address: www.dhs.ca.gov

including direct observations, interviews, and review of documents. This decision is not subject to any further administrative review.

Thank you for sharing your concerns, we will continue our efforts to ensure that patients receive care, services and reside in an environment in accordance with their needs and preference.

Should you have any questions, please contact Patsy Stubbs, Health Facilities Evaluator Supervisor, at (510) 620-5800.

Sincerely,

*Patsy Stubbs RN HFES*

*for* Barbara Gagne
District Administrator

Enclosure *[CMS 2567]*

California Department of Health Services

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A. BUILDING _____ | | |
| | CA140000422 | B. WING _____ | | 06/28/2005 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| JOHN GEORGE PAVILION/HIGHLAND D/P APH | 2060 FAIRMONT DRIVE |
| | SAN LEANDRO, CA 94578 |

OK 8/10

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X COMP DA |
|---|---|---|---|---|
| E 000 | Initial Comments | E 000 | | |
| | The following represents the findings of the Department pf Health Services during a complaint investigation for Complaints CA00052170 and CA00052240. | | | |
| | The investigation was limited to the specific components of the complaint and the findings do not reflect a complete investigation of the facility. | | | |
| | Representing the Department of Health Services: Judith Whitman HFEN. | | | |
| E1570 | T22 DIV5 CH1 ART6-70577(k)(1)(l) Psychiatric Unit General Requirements | E1570 | **T22 DIV5 CH1 ART6-70577 (k)(1)(l) Psychiatric Unit General Requirements E 1570** | |
| | (l) All other rights as provided by law or regulations. | | **Summary of Findings:** The hospital failed to ensure that Patient A received care in the hospital in a safe environment. | |
| | This RULE: is not met as evidenced by: 70577 (k) (l) Psychiatric Unit General Requirements - Patient Rights A0057 Federal Regulation: The patient has a right to receive care in a safe setting. | | **Corrective Action(s):** The lock on the handle worked, however the alignment was off, such that the door did not latch when closed. The handle could not be turned, but the door could be pulled open without turning the locked handle. The striker plate has been realigned such that the door now latches when it is shut. | |
| | Based on observation, staff interview and record review, the hospital failed to ensure that Patient A received care in the hospital in a safe environment. This allowed the patient to be placed in a dangerous situation. | | | |
| | Findings are: | | **Monitoring:** All doors on PES will be checked not only for proper locking, but proper latching now as well. This will be done on daily Environment of Care rounds. | |
| | Medical records for Patient A, the complainant, were reviewed on 6/20/05 at 3:45 p.m. According to the medical record, Patient A was evaluated in the Psychiatric Emergency Service (PES) on 6/16/05 at 2:10 pm. Patient A was | | | |

| LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE | TITLE | (X6) DA |
|---|---|---|
| *[signature]* COU | 8/9/05 | |

| STATE FORM | 021199 | WUHZ1 | If continuation she |

PRINTED: 06/29/
FORM APPRO

California Department of Health Services

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | CA140000422 | A. BUILDING _____ B. WING _____ | 06/28/2005 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| JOHN GEORGE PAVILION/HIGHLAND D/P APH | 2060 FAIRMONT DRIVE SAN LEANDRO, CA 94578 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5 COMPL DAT |
|---|---|---|---|---|
| E1570 | Continued From Page 1<br><br>delusional and grandiose, with disorganized thoughts. Her behavior was loud, demanding and irritated. She was in room 14 at 2:00 a.m.. This was the location of the alleged assault. The documentation noted that she was in the room with the door unlocked. This meant that the door was locked to enter but unlocked to exit. She was on 15 minute checks. At 5:05 a.m. documentation stated that a male patient went into her room and security and nursing staff responded immediately when she screamed. Psychiatrist 1 was called, saw her and documented " pt. (patient) reports that she was sleeping and felt something being pushed into her mouth. " On 6/17/05 at 10:50 a.m. she was transferred to the ED (Emergency Department) for a SART examination..<br><br>In an interview with Staff S on 6/23/05 at 8:15 a.m., which took place in PES, he stated that he had seen Patient B come out of his room (Room 13), which was right next to the room occupied by Patient A (Room 14). He demonstrated the location of the rooms. He went directly to the bathroom and tried the door which was locked. He then locked into Room 14 and pulled on the handle. Staff S stated  " It should have been locked but it opened. He went inside the room and 3 or 4 seconds later I heard a crying female, not loud.  As the staff entered the room, he saw Patient B standing by the head of the bed, his pajama bottoms pulled down mid thigh with an erect penis. The female patient was sitting on the bed with her head down.  She was sobbing and did not say anything. " | E1570 | **Persons Responsible:**<br>Scott Zeller M.D., Chief, PES; Kurt Biehl M.D., Chair, Department of Psychiatry and Chief, Inpatient Psychiatry; Madelyne Markle RN, ADON, Leoni Alfonso RN, Interim PES Nurse Manager; Jeanette Cotanche RN, Chief Quality Officer.<br><br>**Completion Date:** June 24, 2005 and ongoing. | |
| E2216 | T22 DIV5 CH1 ART7-70749(a)(6)(A) Patient Health Record Content<br><br>(A) Concise and accurate record of nursing care | E2216 | | |

STATE FORM                              021199                           WUHZ1                           If continuation she

PRINTED: 06/29
FORM APPRO

California Department of Health Services

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER:<br><br>CA140000422 | (X2) MULTIPLE CONSTRUCTION<br>A. BUILDING _____<br>B. WING _____ | (X3) DATE SURVEY COMPLETED<br><br>06/28/2005 |
|---|---|---|---|

| NAME OF PROVIDER OR SUPPLIER<br>JOHN GEORGE PAVILION/HIGHLAND D/P APH | STREET ADDRESS, CITY, STATE, ZIP CODE<br>2060 FAIRMONT DRIVE<br>SAN LEANDRO, CA 94578 |
|---|---|

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X COMP DA |
|---|---|---|---|---|
| E2216 | Continued From Page 2<br><br>administered.<br><br>This RULE: is not met as evidenced by: 70749 (a) (6) (A)  Patient Health Record Content<br><br>Based on staff interview and document review, the hospital failed to ensure that documentation in the medical record was accurate and reflected the exact circumstances.  A late entry did not record the date and time of the entry and /or when the circumstances documented occurred.  These instances could give the wrong information which may cause incorrect conclusions on the part of the reader and prove detrimental for the patient.<br><br>Findings are:<br><br>1. Medical Record for Patient A reviewed on 6/20/05 revealed that in the documentation of the PES " Exit Disposition " dated 6/16/05 by Physician N, he determined that Patient A was on a 5150 for Grave Disability.  The discharge plan stated that " the patient was sexually assaulted in her seclusion room after a male patient managed to pull open a locked seclusion room door and then attempted to place his penis in her mouth " .  In an interview with Physician N on 6/23/05 at 9:05 a.m. he was asked if he had evidence that the sexual assault actually took place as he had documented.  He stated that Psychiatrist 1 was quite disturbed by her interview with Patient A and related the allegations to him.<br><br>On 6/23/05 at 9:30 a.m. Psychiatrist 1 was interviewed over the telephone.  She stated she had spoken to Patient A immediately after the incident.  She had told her that at approximately 5:30 a.m. she had been asleep and had a sense | E2216 | T22 DIV5 CH1 ART7-70749 (a)(6)(A) Patient Health Record Content E2216<br><br>**Summary of Findings:**  The hospital failed to ensure that documentation in the medical record was accurate and reflected the exact circumstances.  A late entry did not record the date and time of the entry and/or when the circumstances documented occurred.<br><br>**Corrective Action(s):**<br>1.  The Medical Director conducted an individualized in-service education conference with respect to proper documentation with Physician N. Additionally, the Medical Director conducted a similar in-service presentation and discussion with the Medical Staff at their meeting following the incident.<br>2.  Nursing management has reviewed the Nursing policy and conducted in-service education on proper late entry documentation. To further enhance training, the insurance carrier for ACMC will provide classes for physicians and nurses in September 2005 on the same subject.<br><br>**Monitoring:** Documentation will be monitored through chart audits.<br><br>**Persons Responsible:**  Scott Zeller M.D., Chief, PES; Kurt Biehl M.D., Chair Department of Psychiatry and Chief, Inpatient Psychiatry; Madelyne Markle RN, | |

California Department of Health Services

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION<br>A. BUILDING _____<br>B. WING _____ | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | CA140000422 | | 06/28/2005 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| JOHN GEORGE PAVILION/HIGHLAND D/P APH | 2060 FAIRMONT DRIVE<br>SAN LEANDRO, CA 94578 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5 COMPL DAT |
|---|---|---|---|---|
| E2216 | Continued From Page 3<br><br>of choking on something and woke up with something in her mouth. She started screaming. She was upset about it but not devastated. Psychiatrist 1 stated she did not have any proof this happened except for Patient A's statements.<br><br>2. Patient A's Medical Record was reviewed again on 6/23/05 and revealed a late entry dated and timed " 6/17/05 0645 " in the date and time column. In the section headed " Notes " was written in brackets " late entry ". " Pt (patient) was interviewed by Deputy J. staff was also interviewed as was security. Deputy J also interviewed the pt. making the assault claim and also the pt who she stated made the assault ". There was no indication if the time and date documented referred to when the entry was made or when these interviews took place. The Policy and Procedure was not followed.<br><br>According to the Policy and Procedure Titled: Documentation - Progress Notes: " Entry made the following day: On a new Progress Record write " Addendum to charting of (date) ". This was not done. " Enter the time the entry should have been made in the time column and circle the time. " This was not done. " Sign ...and the time and date the entry was actually made. " This was not done. | E2216 | ADON; Jeanette Cotanche RN, Chief Quality Officer.<br><br>**Completion Date:** June 21, 2005 and ongoing. | |
| E2348 | T22 DIV5 CH1 ART8-70837(a) General Safety and Maintenance<br><br>(a) The hospital shall be clean, sanitary and in good repair at all times. Maintenance shall include provision and surveillance of services and procedures for the safety and well-being of patients, personnel and visitors. | E2348 | **T 22 DIV5 CH1 ART8-70837 (a) General Safety and Maintenance E2348**<br><br>**Summary of Findings:**<br>The hospital failed to ensure that the locking system on the door of seclusion room was working appropriately. | |

PRINTED: 06/2
FORM APPR

California Department of Health Services

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | CA140000422 | A. BUILDING _____ <br> B. WING _____ | 06/28/200! |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| JOHN GEORGE PAVILION/HIGHLAND D/P APH | 2060 FAIRMONT DRIVE <br> SAN LEANDRO, CA 94578 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | C COM. D |
|---|---|---|---|---|
| E2348 | Continued From Page 4 <br><br> This RULE: is not met as evidenced by: <br> 70837 (a) General Safety and Maintenance <br><br> Based on observation and staff interview, the hospital failed to ensure that the locking system on the door of seclusion room #14 was working appropriately. This led to a male patient gaining access to a female patient while she was sleeping. <br><br> Findings are: <br><br> On 6/23/05 at 8:15 a.m. during a visit to PES, the door to room 14 was tested by pulling on the handle and it opened. The mechanism should have locked, preventing anyone from entering the room. The ADON stated that the door had been fixed after the incident. She stated she would call engineering again. <br><br> In an interview with Staff S on 6/23/05 at 8:15 a.m., which took place in PES, he stated that he had seen Patient B come out of his room (Room 13), which was right next to the room occupied by Patient A (Room 14). He demonstrated where the rooms were located. Patient B went directly to the bathroom and tried the door which was locked. He then looked into Room 14 and pulled on the handle. Staff S stated " It should have been locked but it opened. He went inside the room and 3 or 4 seconds later I heard a crying female. | E2348 | **Corrective Action(s):** <br> The lock on the handle worked, however the alignment was off, such that the door did not latch when closed. The handle could not be turned, but the door could be pulled open without turning the locked handle. The striker plate has been realigned such that the door now latches when it is shut. <br><br> **Monitoring:** All doors on PES will be checked not only for proper locking, but proper latching now as well. This will be done on daily Environment of Care rounds <br><br> **Persons Responsible:** Scott Zeller M.D., Chief, PES; Kurt Biehl M.D., Chair, Department of Psychiatry and Chief, Inpatient Psychiatry; Madelyne Markle RN, ADON, Leoni Alfonso RN, Interim PES | |

PROOF OF SERVICE BY MAIL

1

2

3    I declare that:

4

5    I am employed in the County of Alameda, State of California.  I am over 18 years of

6  age and not a party to the within action.  My business address is 2128 Broadway, Oakland,

7  California  94612.

8

9    On the date signed hereunder, I served the within **FIRST AMENDED**

10  **COMPLAINT FOR DAMAGES** and **FIRST AMENDED SUMMONS** by placing a true

11  copy thereof, enclosed in a sealed envelope, with first class postage fully prepaid thereon,

12  in the United States Mail at Oakland, California, addressed as follows:

13

14  Gregory J. Rockwell, Esq.
    BOORNAZIAN, JENSEN & GARTHE
15  555 12th Street, Suite 1800
    P.O. Box 12925
16  Oakland, CA   94604-2925

17

18    I declare under penalty of perjury under the laws of California that the foregoing is

19  true and correct.  Executed on November 2, 2005, at Oakland, California.

20

21

22    Charles Schwartz

23

24

25

26

27

28

# EXHIBIT C

1 | GREGORY J. ROCKWELL, ESQ. (SBN 67305)
2 | BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation/File #24266
555 12th Street, Suite 1800
3 | P. O. Box 12925
Oakland, CA  94604-2925
4 | Telephone: (510) 834-4350
Facsimile: (510) 839-1897
5 |
Attorneys for Defendant
6 | ALAMEDA COUNTY MEDICAL
CENTER
7 |

ENDORSED
FILED
ALAMEDA COUNTY

NOV 3 0 2005

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF ALAMEDA

10 | (NORTHERN DIVISION)

11 | LISA JOHNSON, by and through her ) Case No.: RG05232747
Conservator, Sharon Toth, )
12 | ) **DEFENDANT ALAMEDA COUNTY**
Plaintiff, ) **MEDICAL CENTER'S ANSWER TO**
13 | ) **FIRST AMENDED COMPLAINT FOR**
vs. ) **DAMAGES**
14 | )
ALAMEDA COUNTY MEDICAL CENTER,)
15 | CEDRICK FROWNER, DOES 1 to 50, ) Complaint Filed:  September 15, 2005
inclusive, )
16 | )
Defendants. )
17 | _____ )

18 | **COMES NOW** defendant ALAMEDA COUNTY MEDICAL CENTER, and for its

19 | answer to the unverified complaint of plaintiff on file herein, admits, denies and alleges as follows:

20 | Under the provisions of §431.30(d) of the California Code of Civil Procedure, this

21 | answering defendant denies each and every, all and singular, generally and specifically, the

22 | allegations contained in said complaint, and further denies that plaintiff has been damaged in any

23 | sum or sums, or at all, by reason of any act or omission on the part of this answering defendant.

24 | **AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

25 | **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

26 | **THEREOF**, this answering defendant is informed and believes and thereon alleges that plaintiff

27 | was herself careless and negligent in and about the matters alleged in the complaint, and that said

28 |

BOORNAZIAN,
JENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-1-

DEF. ALAMEDA CO. MED. CTR'S ANSWER TO FIRST AMENDED COMPLAINT
*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

EXHIBIT c

1   carelessness and negligence on plaintiff's own part proximately contributed to the happening of

2   the incident and to the injuries, loss and damages complained of, if any there were, and said

3   negligence shall diminish plaintiff's recovery herein in direct proportion to the extent of such

4   negligence under the doctrine of comparative negligence.

5        **AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

6   **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

7   **THEREOF,** this answering defendant is informed and believes and thereon alleges that prior to

8   and at the time of the occurrence of the alleged incident which is the subject of plaintiff's

9   complaint, plaintiff had knowledge, express or implied, of those matters alleged in the complaint;

10  that plaintiff did with the above-mentioned knowledge voluntarily and of her own free will place

11  herself in an unsafe and dangerous position, and by reason thereof said plaintiff assumed the risk

12  and all risks ordinarily incident thereto; and said assumption of risk bars recovery herein.

13       **AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

14  **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

15  **THEREOF,** this answering defendant is informed and believes and thereon alleges that plaintiff

16  failed to timely comply with the claim presentation requirements of the California Government

17  Code and/or failed to file said complaint within the time delineated by all applicable statutes of

18  limitations, including, but not limited to Code of civil procedure §340.5 and Government Code

19  §945.6.

20       **AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

21  **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

22  **THEREOF,** this answering defendant is informed and believes and thereon alleges that plaintiff's

23  unverified complaint is barred by all governmental immunities, including, but not limited to,

24  Government Code §§815.2, 820.2, 830.6, 835.4, 840.6, 854.8, 855.4, 855.6 855.8, 856 and 856.4.

25       **AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

26  **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

27  **THEREOF,** this answering defendant is informed and believes and thereon alleges that neither the

28

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

DEF. ALAMEDA CO. MED. CTR'S ANSWER TO FIRST AMENDED COMPLAINT
*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

1 | complaint nor any of its alleged causes of action state facts sufficient to constitute a cause of action

2 | against this answering defendant.

3 |     **AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

4 | **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

5 | **THEREOF**, this answering defendant is informed and believes and thereon alleges that at all

6 | times herein mentioned, prior to and at the time of the medical treatment referred to in the

7 | plaintiff's complaint, plaintiff was fully informed about and aware of all risks and potential

8 | complications associated with said treatment, including all risks and potential complications

9 | associated with medications, transfusion of blood products, grafting of tissue, surgical procedures

10 | and all other phases and aspects of said medical treatment, and with said information and

11 | knowledge, did knowingly, voluntarily and willingly consent and agree to said medical treatment.

12 |     **AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

13 | **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

14 | **ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that

15 | all procedures performed by defendant were reasonable and necessary to the plaintiff's health and

16 | well-being, and were all properly performed.

17 |     **AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

18 | **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

19 | **ACTION THEREOF**, this answering defendant is informed and believes and thereon alleges that

20 | in the event this answering defendant is found to be liable (which supposition is denied and merely

21 | stated for the purpose of the affirmative defense), at the time of trial of this matter said defendant

22 | may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to plaintiff

23 | pursuant to Civil Code §3333.1.

24 |     **AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

25 | **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

26 | **THEREOF**, this answering defendant is informed and believes and thereon alleges that in the

27 | event this answering defendant is found to be liable (which supposition is denied and merely stated

28 |

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-3-

DEF. ALAMEDA CO. MED. CTR'S ANSWER TO FIRST AMENDED COMPLAINT
*Lisa Johnson v. Alameda County Medical Center, et al.*, Alameda Sup. #RG05232747

1    for the purpose of this affirmative defense), the damages for non-economic losses shall not exceed

2    the amount specified in Civil Code §3333.2.

3        **AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

4    **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

5    **THEREOF,** this answering defendant is informed and believes and thereon alleges that in the

6    event this answering defendant is found to be liable (which supposition is denied and merely stated

7    for the purpose of this affirmative defense), this defendant may elect to have future damages, if in

8    excess of the amount specified in Code of Procedure §667.7, paid periodically in whole or in part,

9    as specified in Code of Civil Procedure §667.7.

10       **AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

11    **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

12    **ACTION THEREOF,** this answering defendant is informed and believes and thereon alleges that,

13    the injuries, losses and damages, if any there were, allegedly sustained by plaintiff were

14    proximately caused by the conduct of other persons or entities who are not the agents of this

15    defendant, and by reason thereof, any liability of defendant herein shall be diminished, offset or

16    abated by reason of said conduct.

17       **WHEREFORE,** this answering defendant prays as follows:

18       1.      That plaintiff take nothing by way of her complaint and that this answering

19             defendant be dismissed hence;

20       2.      For reasonable attorneys' fees;

21       3.      For costs of suit incurred herein; and

22       4.      For such other and further relief as the Court deems just and proper.

23    DATED:    November 30, 2005.

                           BOORNAZIAN, JENSEN & GARTHE

                           By: _____

                                   GREGORY J. ROCKWELL, ESQ.

                                   Attorneys for Defendant ALAMEDA

                                   COUNTY MEDICAL CENTER

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-4-

DEF. ALAMEDA CO. MED. CTR'S ANSWER TO FIRST AMENDED COMPLAINT
*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

**PROOF OF SERVICE BY MAIL**
**(C.C.P.  SECTIONS 1013(a) -2015.5)**

1
2
3       I am employed in the County of Alameda, State of California.  I am over the age of 18
4   years and not a party to the within action.  My business address is 555 12th Street, Suite 1800, P.
5   O. Box 12925, Oakland, California 94604-2925.
6       I am readily familiar with the business practice for collection and processing of
7   correspondence for mailing with the United States Postal Service.  On the date indicated below, at
8   the above-referenced business location, I sealed envelopes, enclosing a copy of **DEFENDANT**
9   **ALAMEDA COUNTY MEDICAL CENTER'S ANSWER TO FIRST AMENDED**
10  **COMPLAINT FOR DAMAGES**, addressed as shown below, and placed them for collection and
11  mailing following ordinary business practices to be deposited with the United States Postal Service
12  on the date indicated below:

Charles Schwartz, Esq.                    **Attorney for Plaintiff**
2128 Broadway
Oakland, CA  94612
Tel:  (510) 986-1300

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

Executed at Oakland, California, on November 30, 2005.

_Candace H_____
Candace Hankins

24266\364693

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-5-

DEF. ALAMEDA CO. MED. CTR'S ANSWER TO FIRST AMENDED COMPLAINT
_Lisa Johnson v. Alameda County Medical Center, et al.,_ Alameda Sup. #RG05232747

# EXHIBIT D

1  GREGORY J. ROCKWELL, ESQ. (SBN 67305)
   BOORNAZIAN, JENSEN & GARTHE
2  A Professional Corporation/File #24266
   555 12th Street, Suite 1800
3  P. O. Box 12925
   Oakland, CA  94604-2925
4  Telephone: (510) 834-4350
   Facsimile: (510) 839-1897

5

6  Attorneys for Defendants
   ALAMEDA COUNTY MEDICAL CENTER,
   SCOTT ZELLER, M.D., KURT BIEHL, M.D.,
7  JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N.,
   MADELYNE MARKLE, R.N.

8

**ENDORSED
FILED
ALAMEDA COUNTY**

JAN 2 7 *2005*

**ARTHUR SIMS, Exec. Off./Clerk**
**By**        Sandra Cole

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

               COUNTY OF ALAMEDA (NORTHERN DIVISION)
10

11  LISA JOHNSON, by and through her       ) Case No.: RG05232747
    Conservator, Sharon Toth,              )
                                           ) **ANSWER TO FIRST AMENDED**
12            Plaintiff,                    ) **COMPLAINT FOR DAMAGES OF**
                                           ) **DEFENDANTS SCOTT ZELLER, M.D.,**
13  vs.                                    ) **KURT BIEHL, M.D., JEANETTE**
                                           ) **COTANCHE, R.N., LEONI ALFONSO,**
14  ALAMEDA COUNTY MEDICAL CENTER,         ) **R.N. and MADELYNE MARKLE, R.N.,**
    SCOTT ZELLER, M.D., KURT BIEHL, M.D.,  ) **employees of defendant ALAMEDA**
15  JEANETTE COTANCHE, R.N., LEONI         ) **COUNTY MEDICAL CENTER, a public**
    ALFONSO, R.N., MADELYNE MARKLE,        ) **hospital authority**
16  R.N., CEDRICK FROWNER, DOES 1 to 50,   )
    inclusive,                             )
17                                         ) Complaint Filed:  September 15, 2005
              Defendants.                  )
18  _____)

19        **COME NOW** defendants SCOTT ZELLER, M.D., KURT BIEHL, M.D., JEANETTE

20  COTANCHE, R.N., LEONI ALFONSO, R.N. and MADELYNE MARKLE, R.N., employees of

21  defendant ALAMEDA COUNTY MEDICAL CENTER, a public hospital authority, and for their

22  answer to the unverified first amended complaint of plaintiff on file herein, admit, deny and allege

23  as follows:

24        Under the provisions of §431.30(d) of the California Code of Civil Procedure, theses

25  answering defendants deny each and every, all and singular, generally and specifically, the

26  allegations contained in said complaint, and further deny that plaintiff has been damaged in any

27  sum or sums, or at all, by reason of any act or omission on the part of these answering defendants.

28

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA  94607
(510) 834-4350

                                      -1-

ANSWER TO FIRST AMENDED COMPLAINT;
*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

EXHIBIT D

1    **AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

2    **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

3    **THEREOF,** these answering defendants are informed and believe and thereon allege that plaintiff

4    was herself careless and negligent in and about the matters alleged in the complaint, and that said

5    carelessness and negligence on plaintiff's own part proximately contributed to the happening of

6    the incident and to the injuries, loss and damages complained of, if any there were, and said

7    negligence shall diminish plaintiff's recovery herein in direct proportion to the extent of such

8    negligence under the doctrine of comparative negligence.

9    **AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

10   **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

11   **THEREOF,** these answering defendants are informed and believe and thereon allege that, prior to

12   and at the time of the occurrence of the alleged incident which is the subject of plaintiff's

13   complaint, plaintiff had knowledge, express or implied, of those matters alleged in the complaint;

14   that plaintiff did with the above-mentioned knowledge voluntarily and of her own free will place

15   herself in an unsafe and dangerous position, and by reason thereof said plaintiff assumed the risk

16   and all risks ordinarily incident thereto; and said assumption of risk bars recovery herein.

17   **AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

18   **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

19   **THEREOF,** these answering defendants are informed and believe and thereon allege that plaintiff

20   failed to timely comply with the claim presentation requirements of the California Government

21   Code and/or failed to file said complaint within the time delineated by all applicable statutes of

22   limitations, including, but not limited to Code of Civil Procedure §340.5 and Government Code

23   §945.6.

24   **AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

25   **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

26   **THEREOF,** these answering defendants are informed and believe and thereon allege that

27   plaintiff's unverified complaint is barred by all governmental immunities, including, but not

28

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-2-

ANSWER TO FIRST AMENDED COMPLAINT

*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

1  limited to, Government Code §§815.2, 820.2, 830.6, 835.4, 840.6, 854.8, 855.4, 855.6 855.8, 856

2  and 856.4.

3      **AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

4  **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

5  **THEREOF**, these answering defendants are informed and believe and thereon allege that neither

6  the complaint nor any of its alleged causes of action state facts sufficient to constitute a cause of

7  action against these answering defendants.

8      **AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

9  **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

10 **THEREOF**, these answering defendants are informed and believe and thereon allege that, prior to

11 and at the time of the medical treatment referred to in the plaintiff's complaint, plaintiff was fully

12 informed about and aware of all risks and potential complications associated with said treatment,

13 including all risks and potential complications associated with medications, transfusion of blood

14 products, grafting of tissue, surgical procedures and all other phases and aspects of said medical

15 treatment, and with said information and knowledge, did knowingly, voluntarily and willingly

16 consent and agree to said medical treatment.

17     **AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

18 **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

19 **ACTION THEREOF**, these answering defendants are informed and believe and thereon allege

20 that all procedures performed by defendants were reasonable and necessary to the plaintiff's health

21 and well-being, and were all properly performed.

22     **AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

23 **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

24 **ACTION THEREOF**, these answering defendants are informed and believe and thereon allege

25 that in the event these answering defendants are found to be liable (which supposition is denied

26 and merely stated for the purpose of the affirmative defense), at the time of trial of this matter said

27 defendants may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to

28

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-3-

ANSWER TO FIRST AMENDED COMPLAINT

*Lisa Johnson v. Alameda County Medical Center, et al.*, Alameda Sup. #RG05232747

1 | plaintiff pursuant to Civil Code §3333.1.

2 |      **AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

3 | **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

4 | **THEREOF,** these answering defendants are informed and believes and thereon allege that in the

5 | event these answering defendants are found to be liable (which supposition is denied and merely

6 | stated for the purpose of this affirmative defense), the damages for non-economic losses shall not

7 | exceed the amount specified in Civil Code §3333.2.

8 |      **AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

9 | **UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION**

10 | **THEREOF,** these answering defendants are informed and believe and thereon allege that in the

11 | event these answering defendants are found to be liable (which supposition is denied and merely

12 | stated for the purpose of this affirmative defense), these defendants may elect to have future

13 | damages, if in excess of the amount specified in Code of Procedure §667.7, paid periodically in

14 | whole or in part, as specified in Code of Civil Procedure §667.7.

15 |      **AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

16 | **THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF**

17 | **ACTION THEREOF,** these answering defendants are informed and believe and thereon allege

18 | that, the injuries, losses and damages, if any there were, allegedly sustained by plaintiff were

19 | proximately caused by the conduct of other persons or entities who are not the agents of these

20 | defendants, and by reason thereof, any liability of defendants herein shall be diminished, offset or

21 | abated by reason of said conduct.

22 |      **WHEREFORE,** these answering defendants pray as follows:

23 |     1.     That plaintiff take nothing by way of her complaint and that these answering

24 |          defendants be dismissed hence;

25 |     2.     For reasonable attorneys' fees;

26 |     3.     For costs of suit incurred herein; and

27 |

28 |

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-4-

ANSWER TO FIRST AMENDED COMPLAINT
*Lisa Johnson v. Alameda County Medical Center, et al.*, Alameda Sup. #RG05232747

1      4.     For such other and further relief as the Court deems just and proper.

2    DATED:   January 26, 2006

3                                        BOORNAZIAN, JENSEN & GARTHE

4

5                                        By: _____

6                                            GREGORY J. ROCKWELL, ESQ.
                                             Attorneys for Defendants
7                                            ALAMEDA COUNTY MEDICAL
                                             CENTER,
8                                            ZELLER, BIEHL, COTANCHE,
                                             ALFONSO and MARKLE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BOORNAZIAN,
ENSEN & GARTHE    28
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350
                                       -5-

ANSWER TO FIRST AMENDED COMPLAINT

*Lisa Johnson v. Alameda County Medical Center, et al.,* Alameda Sup. #RG05232747

1
2

# PROOF OF SERVICE BY MAIL
## (C.C.P. SECTIONS 1013(a) -2015.5)

3    I am employed in the County of Alameda, State of California. I am over the age of 18

4 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P.

5 O. Box 12925, Oakland, California 94604-2925.

6    I am readily familiar with the business practice for collection and processing of

7 correspondence for mailing with the United States Postal Service. On the date indicated below, at

8 the above-referenced business location, I sealed envelopes, enclosing a copy of **DEFENDANTS'**

9 **ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES**, addressed as shown

10 below, and placed them for collection and mailing following ordinary business practices to be

11 deposited with the United States Postal Service on the date indicated below:

12

13    Charles Schwartz, Esq.          **Attorney for Plaintiff**
      2128 Broadway
14    Oakland, CA  94612
      Tel: (510) 986-1300

15

16    I declare under penalty of perjury under the laws of the State of California that the

17 foregoing is true and correct.

18    Executed at Oakland, California, on January 26, 2006.

19
20    _Candace H_____
21    Candace Hankins
22
23 24266\368582
24
25
26
27
28

BOORNAZIAN,
ENSEN & GARTHE
555 12TH STREET
SUITE 1800
OAKLAND, CA 94607
(510) 834-4350

-6-

ANSWER TO FIRST AMENDED COMPLAINT
_Lisa Johnson v. Alameda County Medical Center, et al._, Alameda Sup. #RG05232747