GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation/File #24266
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
ALAMEDA COUNTY MEDICAL CENTER,
SCOTT ZELLER, M.D., KURT BIEHL, M.D.,
JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N.,
MADELYNE MARKLE, R.N.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JOHNSON, by and through her Conservator, Sharon Toth,<br><br>Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER, SCOTT ZELLER, M.D., KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N., MADELYNE MARKLE, R.N., CEDRICK FROWNER, et al.,<br><br>Defendants. | Case No.: C07-03395 CW<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:  October 23, 2007<br>Time:  2:00 p.m.<br>Courtroom: 2, 4th Floor<br>1301 Clay St. Oakland, CA<br>Judge: Claudia Wilken |

Defendants ALAMEDA COUNTY MEDICAL CENTER ("ACMC"), SCOTT ZELLER, M.D., KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N., MADELYNE MARKLE, R.N. (collectively "MEDICAL DEFENDANTS") hereby submit this Case Management Statement. This statement is not submitted jointly with plaintiff, because, on October 11, 2007, a draft joint statement was sent to counsel for plaintiff by e-mail, with a request that he advise of any proposed revisions prior to October 16, 2007, and no response was received.

1. **Jurisdiction and Service:** Plaintiff's complaint for damages, filed in the Alameda Superior Court, asserts claims arising from 42 U.S.C. §1983, as well as various state law claims.

-1-

Defendants ALAMEDA COUNTY MEDICAL CENTER ("ACMC"), SCOTT ZELLER, M.D., KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N., MADELYNE MARKLE, R.N. (collectively "MEDICAL DEFENDANTS") removed the action to this court pursuant to 28 USC § 1441(b). The court has jurisdiction over the plaintiff's federal claims pursuant to 28 USC §§ 1331 and 1341(3)(4), and it has jurisdiction over his state law claims pursuant to 28 USC § 1367(a). All parties have been served, but Defendant CEDRICK FROWNER ("FROWNER") has not appeared.

2. **Facts:** The plaintiff seeks damages for injuries sustained in an incident which occurred on June 17, 2005 while she was a patient at the Psychiatric Emergency Services Department ("PES") at John George Psychiatric Pavilion ("JGPP") in San Leandro. Plaintiff was in PES because she had been detained by the Hayward Police Department pursuant to California Welfare & Institutions Code §5150, because she was deemed to be a danger to herself and/or gravely disabled due to a mental disorder.

While in PES, Plaintiff was placed in an individual room to sleep for several hours. Sometime between 5 and 6 a.m., a male patient, alleged to be Defendant FROWNER, was observed attempting to open the door to a restroom immediately adjacent to the room in which Plaintiff was sleeping. The restroom door was locked, and the male patient then tried to open the adjacent door to Plaintiff's room, which opened. A contract security guard observed the patient enter the room, and he alerted staff who immediately responded to the room and restrained the male patient. The security guard and staff did not observe the male patient in contact with plaintiff, but his pants were partially down and his penis exposed. Plaintiff alleges that he placed his penis in her mouth while she was sleeping, and that she awoke to find his penis in her mouth.

The Alameda County Sheriff's Department was called to PES and the male patient was arrested. Investigation of the door to plaintiff's room revealed that the lock on the door was functional, but that it was possible for the latching mechanism to fail to fully engage, allowing the door to open with the door lock in the locked position.

3. **Legal and Factual Issues:** As to ACMC, the primary factual issue on the State law

-2-

claims is whether it was negligent in its care of the Plaintiff, and the primary legal issue on those claims is whether ACMC is immune from liability for plaintiff's injuries. The primary factual issues on the Federal claim is whether plaintiff's injury resulted from the application of an ACMC policy which amounted to a deprivation of any of her rights under the U.S. Constitution. The primary legal issue on the Federal claim is whether ACMC's conduct amounted to deliberate indifference to plaintiff's constitutional rights.

As to the MEDICAL DEFENDANTS, the primary factual issue is whether they engaged in any conduct which was a cause of injury to the Plaintiff, and the primary legal issue is whether they are entitled to qualified immunity from liability to plaintiff.

4. **Motions:** There are no motions pending. ACMC and the MEDICAL DEFENDANTS anticipate filing a motion for summary judgment/summary adjudication.

5. **Amendment of Pleadings:** None known to defendants at this time.

6. **Evidence Preservation:** ACMC's medical records are maintained in accord with state and federal regulations, and no evidence preservation program is anticipated to be necessary.

7. **Disclosures:** Prior to the case management conference, defendants will comply with the requirements of Rule 26 by disclosing all non-privileged, relevant documents and the identity of all known witnesses with relevant information.

8. **Discovery:** Prior to removal to this court, counsel for the defendants commenced, but did not complete, the deposition of the plaintiff, and two of her treating physicians were deposed. The defendants anticipate taking the depositions of 3-4 more treating physicians and several members of plaintiff's family, including her mother and two of her sisters.

9. **Class Actions:** Not applicable

10. **Related Cases:** Not applicable.

11. **Relief:** The complaint seeks monetary damages against all defendants ACMC and the MEDICAL DEFENDANTS contend that, in the event that they are found to be liable to plaintiff on any of her State law claims, any economic damages for medical care shall be limited to the amounts actually paid for the services, and that any non-economic damages shall be subject to

-3-

the $250,000 limitation imposed by California Civil Code Section 3333.2.

12. **Settlement and ADR:** While this matter was pending in the Alameda Superior Court, and while the Plaintiff was represented by other counsel, the parties engaged in costly private mediation over several months, which resulted in an agreement to settle the lawsuit for $125,000. However, the plaintiff later refused to accept the settlement and sign a release. Her prior counsel withdrew from the case, and her present counsel took over her representation. Defendant ACMC does not wish to engage in further private mediation, but will not object to referral to a magistrate judge for a settlement conference.

13. **Consent to Magistrate Judge for All Purposes:** The defendants do not consent to a Magistrate Judge for all purposes.

14. **Other References:** The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** Defendants believe that the discovery conducted thus far will permit substantial narrowing of issues related to plaintiff's injuries and damages. It is believed that further narrowing of various factual issues will be possible as discovery proceeds.

16. **Expedited Schedule:** Defendants do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling:** Defendants propose the following dates:

Trial: October 15, 2008.

Pre-trial Conference: 2 weeks prior to trial.

Dispositive Motions: 60 days prior to trial.

Expert witness discovery cutoff: 120 prior to trial.

Expert Disclosure: 160 days prior to trial.

Non-Expert Discovery Cutoff: 180 days prior to trial.

18. **Trial:** Defendants request a jury trial and anticipate that the trial will take seven (7) court days to complete.

19. **Disclosure of Non-party Interested Entities or Persons:** Defendants have

-4-

complied with Civil Local Rule 3-16. The undersigned attorneys for said defendants hereby re-certify that, as of this date, other than the named parties, there is no such interest to report.

**20.    Other Matters:**

None.

DATED: October 16, 2007

BOORNAZIAN, JENSEN & GARTHE

By: _____
GREGORY J. ROCKWELL, ESQ.
Attorneys for Defendants
ALAMEDA COUNTY MEDICAL
CENTER, ZELLER, BIEHL,
COTANCHE, ALFONSO and
MARKLE

24266\416803

-5-

# PROOF OF SERVICE BY ELECTRONIC SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served **DEFENDANTS' CASE MANAGEMENT STATEMENT** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

| | |
|---|---|
| Douglas C. Fladseth, Esq.<br>Law Offices of Douglas C. Fladseth<br>50 Old Courthouse Square, Suite 600<br>Santa Rosa, CA  95404<br>Tel: (707) 545-2600<br>Fax: (707) 545-0552<br>e-mail: www.fladseth@aol.com | **Attorneys for Plaintiff LISA JOHNSON** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on October 16, 2007.

_Candace H_____
Candace Hankins

24266\416803

-6-

DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT
*Lisa Johnson v. Alameda County Medical Center,* U.S. Dist. Ct., N. Dist. of CA No. C07-03395 CW