DOUGLAS C. FLADSETH, ESQ.
www.fladseth@aol.com
LAW OFFICES OF DOUGLAS C. FLADSETH
50 Old Courthouse Square, Suite 600
Santa Rosa, CA   95404
Tel:  (707) 545-2600
Fax:  (707) 545-0552

Attorneys for Plaintiff LISA JOHNSON

GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation/File #24266
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA  94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
ALAMEDA COUNTY MEDICAL CENTER,
SCOTT ZELLER, M.D., KURT BIEHL, M.D.,
JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N.,
MADELYNE MARKLE, R.N.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JOHNSON, by and through her Conservator, Sharon Toth,<br><br>              Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY MEDICAL CENTER, SCOTT ZELLER, M.D., KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N., MADELYNE MARKLE, R.N., CEDRICK FROWNER, et al.,<br><br>              Defendants. | Case No.: C07-03395 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  January 8, 2008<br>Time:  2:00 p.m.<br>Courtroom: 2, 4th Floor<br>1301 Clay St. Oakland, CA<br>Judge: Claudia Wilken |

    1.    **Jurisdiction and Service:**  Plaintiff's complaint for damages, filed in the Alameda Superior Court, asserts claims arising from 42 U.S.C. §1983, as well as various state law claims. Defendants ALAMEDA COUNTY MEDICAL CENTER ("ACMC"), SCOTT ZELLER, M.D.,

-1-

KURT BIEHL, M.D., JEANETTE COTANCHE, R.N., LEONI ALFONSO, R.N., MADELYNE MARKLE, R.N. (collectively "MEDICAL DEFENDANTS") removed the action to this court pursuant to 28 USC § 1441(b).  The court has jurisdiction over the plaintiff's federal claims pursuant to 28 USC §§ 1331 and 1341(3)(4), and it has jurisdiction over his state law claims pursuant to 28 USC § 1367(a).  All parties have been served, but Defendant CEDRICK FROWNER ("FROWNER") has not appeared.

   **2.**   **Facts:**  According to Defendants: The plaintiff seeks damages for injuries sustained in an incident which occurred on June 17, 2005 while she was a patient at the Psychiatric Emergency Services Department ("PES") at John George Psychiatric Pavilion ("JGPP") in San Leandro.  Plaintiff was in PES because she had been detained by the Hayward Police Department pursuant to California Welfare & Institutions Code §5150, because she was deemed to be a danger to herself and/or gravely disabled due to a mental disorder.

   While in PES, Plaintiff was placed in an individual room to sleep for several hours.  Sometime between 5 and 6 a.m., a male patient, alleged to be Defendant FROWNER, was observed attempting to open the door to a restroom immediately adjacent to the room in which Plaintiff was sleeping.  The restroom door was locked, and the male patient then tried to open the adjacent door to Plaintiff's room, which opened.  A contract security guard observed the patient enter the room, and he alerted staff who immediately responded to the room and restrained the male patient.  The security guard and staff did not observe the male patient in contact with plaintiff, but his pants were partially down and his penis exposed.  Plaintiff alleges that he placed his penis in her mouth while she was sleeping, and that she awoke to find his penis in her mouth.

   The Alameda County Sheriff's Department was called to PES and the male patient was arrested.  Investigation of the door to plaintiff's room revealed that the lock on the door was functional, but that it was possible for the latching mechanism to fail to fully engage, allowing the door to open with the door lock in the locked position.

   According to Plaintiff: Lisa Johnson, age 51, has been a licensed dentist and is currently working as an elementary school teacher and a licensed real estate sales person.  Lisa does have a

-2-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Lisa Johnson v. Alameda County Medical Center,* U.S. Dist. Ct., N. Dist. of CA No. C07-03395 CW

history of mental health issues. On this occasion, she was apparently "5150'd" due to issues with medication management.

When Lisa Johnson was brought to the defendant's facility, she was first held with other detainees in a general area. Twice during the day, she complained to the staff that defendant FROWNER was leering at her in a threatening manner. Despite her complaints, nothing was done to stop the continuing leering and threatening behavior by FROWNER.

Later, Lisa Johnson was heavily sedated and placed in what was supposed to be a locked and secured room for the night. Lisa could only hope that FROWNER, who has a history of criminal violence, would be secured and unable to harm her.

Lisa Johnson awoke from a heavy sleep only to find FROWNER sexually assaulting her in her room. Criminal charges were brought and FROWNER was convicted of sexual assault. Lisa was given a medical examination as a rape victim and then transferred to related County operated facilities for a matter of months.

Lisa's previous mental healthcare providers document that Lisa has suffered a severe post-traumatic stress disorder from this rape and assault.

It is well documented that this facility has an extraordinary history of failure to protect the staff and patients. For example, a doctor was killed there in recent years and there have been many assaults and batteries.

The door latch to Lisa Johnson's room did not function properly. Investigation by the California Department of Health Services ("DHS") determined that even after the fact, the facility still had not repaired the door mechanism which would fail to engage and lock.

**3.    Legal and Factual Issues:** According to Defendant: As to ACMC, the primary factual issue on the State law claims is whether it was negligent in its care of the Plaintiff, and the primary legal issue on those claims is whether ACMC is immune from liability for plaintiff's injuries. The primary factual issues on the Federal claim is whether plaintiff's injury resulted from the application of an ACMC policy which amounted to a deprivation of any of her rights under the U.S. Constitution. The primary legal issue on the Federal claim is whether ACMC's conduct

-3-

amounted to deliberate indifference to plaintiff's constitutional rights.

As to the MEDICAL DEFENDANTS, the primary factual issue is whether they engaged in any conduct which was a cause of injury to the Plaintiff, and the primary legal issue is whether they are entitled to qualified immunity from liability to plaintiff.

According to Plaintiff: Defendant claims immunity but has cited no case nor code justifying immunity from their own negligence in this case. Defendants deny depriving Lisa Johnson of her civil rights and deny deliberate indifference. Lisa Johnson claims her multiple complaints to the staff being ignored and the lack of protection in both securing her room and in failing to secure FROWNER from her are three separate instances of deliberate indifference on the part of defendants, particularly given defendant's history.

**4.    Motions:**    There are no motions pending.  ACMC and the MEDICAL DEFENDANTS anticipate filing a motion for summary judgment/summary adjudication.

**5.    Amendment of Pleadings:**  None known to defendants or plaintiff at this time.

**6.    Evidence Preservation:**  ACMC's medical records are maintained in accord with state and federal regulations, and no evidence preservation program is anticipated to be necessary.

**7.    Disclosures:**  Prior to the case management conference, the parties will comply with the requirements of Rule 26 by disclosing all non-privileged, relevant documents and the identity of all known witnesses with relevant information.

**8.    Discovery:**  Prior to removal to this court, counsel for the defendants commenced, but did not complete, the deposition of the plaintiff, and two of her treating physicians were deposed.  The defendants anticipate taking the depositions of 3-4 more treating physicians and several members of plaintiff's family, including her mother and two of her sisters.

Plaintiff intends to discover to the extent of all previous incidents of violence at defendant's facility and defendant's knowledge of FROWNER's history of violence and defendant's failure to secure FROWNER and defendant's failure to protect Lisa Johnson and secure her door.

**9.    Class Actions:**  Not applicable

-4-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Lisa Johnson v. Alameda County Medical Center,* U.S. Dist. Ct., N. Dist. of CA No. C07-03395 CW

**10.** **Related Cases:** Not applicable.

**11.** **Relief:** For Defendant: The complaint seeks monetary damages against all defendants. ACMC and the MEDICAL DEFENDANTS contend that, in the event that they are found to be liable to plaintiff on any of her State law claims, any economic damages for medical care shall be limited to the amounts actually paid for the services, and that any non-economic damages shall be subject to the $250,000 limitation imposed by California Civil Code Section 3333.2.

Plaintiff objects to defendant's seeking to impose the MICRA provisions since this is not a medical malpractice case, but rather the County's failure to provide security for a patient for which they have "5150'd" and for violation of her state and federal civil rights.

**12.** **Settlement and ADR:** While this matter was pending in the Alameda Superior Court, and while the Plaintiff was represented by other counsel, the parties engaged in costly private mediation over several months, which resulted in an agreement to settle the lawsuit for $125,000. However, the plaintiff later refused to accept the settlement and sign a release. Her prior counsel withdrew from the case, and her present counsel took over her representation. The present counsel for plaintiff has served defendants' counsel with a CCP §998 demand for $300,000.

On October 22, 2007, counsel for plaintiff and defendants participated in an ADR phone conference with ADR Program Director Howard Hermann. As a result of that conference, the court referred this matter, on October 24, 2007, to Magistrate Judge James Larson for a settlement conference. Judge Larson has scheduled a settlement conference for February 13, 2008 at 2:00 p.m. The parties wish to continue this case management conference until a date after that settlement conference, and they have filed a stipulation and joint request to continue the case management conference with the court.

**13.** **Consent to Magistrate Judge for All Purposes:** The defendants do not consent to a Magistrate Judge for all purposes.

**14.** **Other References:** The case is not suitable for reference to binding arbitration, a

-5-

special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues:** Defendants believe that the discovery conducted thus far will permit substantial narrowing of issues related to plaintiff's injuries and damages. It is believed that further narrowing of various factual issues will be possible as discovery proceeds.

**16.** **Expedited Schedule:** Defendants do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**17.** **Scheduling:** The parties propose the following dates:

Trial: January, 2009.

Pre-trial Conference: 2 weeks prior to trial.

Dispositive Motions: 60 days prior to trial.

Expert witness discovery cutoff: 100 prior to trial.

Expert Disclosure: 160 days prior to trial.

Non-Expert Discovery Cutoff: 180 days prior to trial.

Defendants request that discovery (expert and non-expert) as to any medical issues in this case not close until 60 days before trial.

**18.** **Trial:** Defendants request a jury trial and anticipate that the trial will take ten (10) court days to complete.

**19.** **Disclosure of Non-party Interested Entities or Persons:** Defendants have complied with Civil Local Rule 3-16. The undersigned attorneys for said defendants hereby re-certify that, as of this date, other than the named parties, there is no such interest to report.

**20.** **Other Matters:**

The parties reiterate their joint request, reflected in the stipulation filed on December 26, 2007, that this case management conference be continued to March 18, 2008.

/ / / /

/ / / /

/ / / /

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
*Lisa Johnson v. Alameda County Medical Center,* U.S. Dist. Ct., N. Dist. of CA No. C07-03395 CW

1  DATED: January 2, 2008
2                                                      LAW OFFICE OF DOUGLAS C. FLADSETH
3
4                                                      By: _____/s/_____
                                                              DOUGLAS C. FLADSETH, ESQ.
5                                                                 Attorneys for Plaintiff

6  DATED: January 2, 2008
7                                                      BOORNAZIAN, JENSEN & GARTHE
8
9                                                      By: _____/s/_____
                                                              GREGORY J. ROCKWELL, ESQ.
10                                                                 Attorneys for Defendants
                                                              ALAMEDA COUNTY MEDICAL
11                                                              CENTER, ZELLER, BIEHL,
                                                              COTANCHE, ALFONSO and
12                                                                         MARKLE

13  24266\416368

-7-

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

*Lisa Johnson v. Alameda County Medical Center,* U.S. Dist. Ct., N. Dist. of CA No. C07-03395 CW