IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA JOHNSON, by and through her Conservator, Sharon Toth,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY MEDICAL CENTER; SCOTT ZELLER, M.D.; KURT BIEHL, M.D.; JEANETTE COTANCHE, R.N.; LEONI ALFONSO, R.N.; MADELYNE MARKLE, R.N.; AND CEDRICK FROWNER,<br><br>    Defendants.<br>_____/ | No. C 07-3395 CW<br><br>ORDER DENYING PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE TO WITHDRAW |

    Douglas Fladseth has moved to withdraw as Plaintiff Linda Johnson's attorney.  Neither Plaintiff nor Defendants have filed a response to the motion.  However, Mr. Fladseth has represented that Plaintiff is opposed to his withdrawal.  The matter was heard on May 14, 2009.  Having considered oral argument and the materials submitted by Mr. Fladseth, the Court denies the motion.

BACKGROUND

    According to the complaint, while Plaintiff was hospitalized at the Alameda County Medical Center, another patient snuck into her room at night and sexually assaulted her.  Plaintiff sued the

patient, along with the Medical Center and certain of its employees, in state court.  The original complaint and the first amended complaint asserted only state-law claims.  The second amended complaint added a claim for constitutional violations under § 1983.  Defendants subsequently removed the case to federal court.

Mr. Fladseth took over as Plaintiff's counsel in November, 2006 -- when the case was still in state court -- after Plaintiff's previous attorney retired.  Since Mr. Fladseth began representing Plaintiff, the parties have engaged in settlement negotiations.  Against the advice of Mr. Fladseth, Plaintiff has rejected Defendants' offer to settle the case.

Mr. Fladseth now moves for leave to withdraw.  The basis for his motion is the fact that he specializes in medical malpractice in Sonoma County, has no special expertise in civil rights or sexual assault litigation and has never tried a case in federal court.

## DISCUSSION

Rule 3-700(C) of the California Rules of Professional Conduct provides:

> [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
>     (1) The client
>
>         (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or
>
>         (b) seeks to pursue an illegal course of conduct, or
>
>         (c) insists that the member pursue a course of

2

>                 conduct that is illegal or that is prohibited
>                 under these rules or the State Bar Act, or
>
>                 (d) by other conduct renders it unreasonably
>                 difficult for the member to carry out the
>                 employment effectively, or
>
>                 (e) insists, in a matter not pending before a
>                 tribunal, that the member engage in conduct
>                 that is contrary to the judgment and advice of
>                 the member but not prohibited under these rules
>                 or the State Bar Act, or
>
>                 (f) breaches an agreement or obligation to the
>                 member as to expenses or fees.
>
>         (2) The continued employment is likely to result in
>         a violation of these rules or of the State Bar Act;
>         or
>
>         (3) The inability to work with co-counsel indicates
>         that the best interests of the client likely will be
>         served by withdrawal; or
>
>         (4) The member's mental or physical condition
>         renders it difficult for the member to carry out the
>         employment effectively; or
>
>         (5) The client knowingly and freely assents to
>         termination of the employment; or
>
>         (6) The member believes in good faith, in a
>         proceeding pending before a tribunal, that the
>         tribunal will find the existence of other good cause
>         for withdrawal.

Cal. R. Prof. Conduct 3-700(C).

It does not appear that any of the grounds for withdrawal under Rule 3-700(C) are presented here, and Mr. Fladseth has not argued to the contrary. In particular, an attorney's lack of expertise in a particular type of matter is not among the enumerated grounds permitting withdrawal. Moreover, Mr. Fladseth agreed to represent Plaintiff knowing the nature of this action. His signature also appears on the second amended complaint, which added the federal civil rights claim that resulted in this case being removed to federal court. He cannot now invoke unfamiliarity

3

with civil rights matters or federal procedure as a justification for withdrawal.  Nor is the fact that his client has rejected his advice to accept Defendants' settlement offer a ground for permitting him to withdraw.

## CONCLUSION

For the foregoing reasons, Mr. Fladseth's motion for leave to withdraw (Docket No. 45) is DENIED.  If circumstances change such that a valid ground for withdrawal exists, Mr. Fladseth may renew his motion.

IT IS SO ORDERED.

Dated: 6/8/09

CLAUDIA WILKEN
United States District Judge